UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-CR-67 |
| V. ) | JORDAN/SHIRLEY |
| ) | |
| JOSEPH DILLARD, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This cause came before the Court on November 10, 2008, for an arraignment on the Fourth Superseding Indictment [Doc. 59] and a motion hearing on the Defendant's Fourth Motion to Continue Trial [Doc. 60], filed on November 7, 2008. Assistant United States Attorney Tracy L. Stone appeared on behalf of the government. Attorney Michael P. McGovern represented the defendant, who was also present. Following the arraignment, defense counsel argued that he wished to continue the November 17, 2008 trial date because he needed more time to investigate the case and to prepare for trial. In this regard, he stated that next week he would begin his fourth of four jury trials since he began representing the defendant four months ago. He also pointed out that the new indictment substantially increased the penalty that the defendant was facing. Accordingly, he needed additional time to prepare for trial. The government did not contest defense counsel's need for additional preparation time based upon conflicts with his schedule, but it did argue that the changes to the indictment did not necessitate a delay in the trial. The Court questioned the defendant, who affirmed that he agreed with the requested continuance and that he understood that he would remain in custody until his new trial date.

The Court notes that this case was set for trial on November 17, 2008, before District Judge

R. Leon Jordan. The Fourth Superseding Indictment, which charges the defendant in five robberies, adds an additional count (Count Three) of use, carrying, and brandishing a firearm in furtherance of a robbery, alleged to have occurred on March 12, 2007. In addition to some smaller changes in a couple of the remaining counts, the penalty for Count Five (formerly, Count Three of the Third Superseding Indictment) is increased substantially. Accordingly, the Court finds the defendant's motion for a continuance [Doc. 60] to be well taken and that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The defendant seeks additional time to investigate and prepare pretrial motions in the wake of his attorney's relatively recent appointment, defense counsel's busy litigation schedule, and the new charge against him. The Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for a trial on the Fourth Superseding Indictment despite his due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court finds that such preparation cannot be accomplished prior to the new trial date of **February 23, 2009**.

The Court finds, and the parties agree, that all the time between the **November 10, 2008** hearing date and the new trial date of **February 23, 2009**, is fully excludable time under 18 U.S.C. § 3161(h)(8)(A)-(B). The Court did not set a new motion deadline but informed the parties that requests for leave to file motions relating solely to Count Three would be liberally granted if filed within the next three to four weeks.

Accordingly, it is ordered:

(1) The Defendant's Fourth Motion to Continue Trial [Doc. 60] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 23, 2009**, at 9:00 a.m., before the Honorable R. Leon Jordan, United States District Court Judge; and

(3) All time between the **November 10, 2008** hearing and the new trial date of **February 23, 2009**, is fully excludable time for speedy trial purposes as set forth above.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.　　
United States Magistrate Judge